**\*E-FILED 5/23/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUGLAS W. NILS HELPPI,<br><br>    Plaintiff,<br>  v.<br><br>CHRISTOPHER BOWMAN, et al.,<br><br>    Defendants. | NO. C 07-0853<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPROVAL OF NOTICE OF PENDING ACTION; GRANTING MOTION TO EXPUNGE NOTICE OF PENDING ACTION** |

Plaintiff Douglas Nils Helppi has filed a request under California Code of Civil Procedure section 405.21 for this Court to approve a notice of pending action to be recorded against the real property involved in this matter.[1] Defendants oppose the request, and move for an order expunging a notice that they represent was previously recorded despite the fact that no prior court approval had been obtained.[2]

Under California Civil Code section 405.2, a notice is proper only in "an action in which a real property claim is alleged." Section 405.4 defines a "real property claim" as one which would, if

---

[1] The parties use the traditional Latin term, "lis pendens." In conformance with the California statute, the Court will use "notice of pending action," or just "notice."

[2] Defendants did not file a formal motion, but merely requested the relief in conjunction with their opposition to Helppi's request. The Court concludes that in this instance it is preferable to resolve the issues without requiring a formal motion or further briefing.

1

meritorious, affect "title to, or the right to possession of, specific real property." Here, Helppi has alleged a claim for copyright infringement and related claims arising from what he contends was unauthorized copying and use of his architectural drawings to construct a residence. Even assuming Helppi prevails on those claims, it appears his remedies would be limited to damages and possibly to injunctive relief against further copying or use of his drawings. It does appear that in some circumstances further unauthorized construction of a structure from copyrighted plans may be enjoined. See, e.g. *Value Group, Inc. v. Mendham Lake Estates, L.P.*, 800 F.Supp. 1228 (D. N.J. 1992). Were such an injunction entered, it obviously could effect *enjoyment* of the real property at issue, depending on the state of construction at the time, but it would not appear to affect title to, or the right to possession of that property. Theoretically, a right to enjoin construction might also give rise to a right to require demolition–which arguably would "affect" the right of possession. That theoretical possibility, however, is too slender a reed on which to premise a notice of pending action, particularly on the facts of this case, where Helppi has not moved for injunctive relief and where it appears to be in the pecuniary interests of all parties that the construction be completed. Accordingly, without prejudice to any later adjudication as to whether the building may be completed or remain in existence, Helppi's request is denied because Court approval of a notice of pending action is not warranted at this juncture.[3]

Defendants' motion to expunge the previously-recorded notice of pending action is granted. Without regard to the conclusion expressed above that there presently is no right to record notice of this action, there is no dispute that California Civil Code section 405.21 prohibits the recording of a notice of pending action by a party appearing in *pro se* unless it has been "approved by a judge." Accordingly, even if Helppi were otherwise entitled to record a notice of pending action, any notice previously recorded in connection with this action must be expunged.

---

[3] Helppi's proposed notice also fails to comply with California Code of Civil Procedure section 405.20, which requires the notice to "contain the names of *all* parties to the action." (Emphasis added.)

2

In the event the county recorder requires a different form of order to expunge the notice, defendants shall submit a proposed order, after soliciting Helppi's approval as to the form of any such order.

IT IS SO ORDERED.

Dated: May 23, 2007

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Nathan C. Benjamin    nathan@surfcitylaw.com

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Douglas W. Helppi
Post Office Box 844
Felton, CA 95018

Dated: May 23, 2007

                                              /s/ BAK
                                              Chambers of Magistrate Judge Richard Seeborg

C 07-0853